UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

IN RE:

RHODE ISLAND LABORER'S DISTRICT COUNCIL,
by and through, TRUSTEES OF THE RHODE ISLAND
LABORERS' HEALTH AND WELFARE FUND,
TRUSTEES OF THE RHODE ISLAND LABORERS'
PENSION FUND, TRUSTEES OF THE RHODE ISLAND
LABORERS' TRAINING TRUST FUND, TRUSTEES OF
THE RHODE ISLAND LABORERS' LEGAL SERVICES
FUND, AND TRUSTEES OF THE RHODE ISLAND
CONSTRUCTION INDUSTRY ADVANCEMENT FUND

                        VS.                    C.A. NO.

F.C. CONSTRUCTION CORP.

## COMPLAINT

## COUNT I

1. This Court has jurisdiction of this action under the Employee Retirement Income Security Act (ERISA), 29 USC 1001 et seq., specifically 29 USC, Section 1132, and the Labor Management Relations Act, Section 301, 29 USC Section 185 (a) and (c).

2. Venue in the district of Rhode Island is proper in that Plaintiffs are seeking enforcement of an agreement entered into by Defendant in Rhode Island, covering work within the District of Rhode Island, and all parties conduct business within the District of Rhode Island.

3. Plaintiff, Rhode Island Laborers' District Council of the Laborers' International Union of North America, hereinafter referred to as "the Union", is a labor organization within the meaning of the National Labor Relations Act, Section 2(5), 29USC 152 (5). Plaintiff Union is duly organized and recognized employee organization under 29 USC 1002 (4).

4. The offices of Plaintiff Union are located at 410 South Main Street, Providence, Rhode Island.

5. Plaintiff Union is empowered to bring this action pursuant to 28 USC 185 (b).

6. The Trustees of the Rhode Island Laborers' Health and Welfare Fund are fiduciaries duly appointed to oversee the administration of a multi-employer plan established under Section 302 of the Labor Management Relations Act for the purpose of providing health care benefits for employees covered by collective bargaining agreements negotiated by the Rhode Island Laborers' District Council; of the Laborers' International Union of North America or by its affiliated local unions. Plaintiff Fund is a duly organized and recognized trust fund under 29 USC 1002 (1).

7. The Trustees of the Rhode Island Laborers' Pension Fund are fiduciaries duly appointed to oversee the administration of a multi-employer plan established under Section 302 of the Labor Management Relations Act for the purpose of providing retirement benefits for employees covered by collective bargaining agreements negotiated by the Rhode Island Laborers' District Council of the Laborers' International Union of North America or by its affiliated local unions. Plaintiff Pension Fund is a duly organized and recognized pension fund under 29 USC 1002 (2).

8. The offices of the Plaintiff funds are located at 200 Midway Road, Cranston, Rhode Island.

9. Plaintiff trustees are empowered to bring this action pursuant to 29 USC 1132 and 29 USC 1145.

10. F.C. CONSTRUCTION CORP., is a corporation having its usual place of business at P.O. Box 1630, Westport, Massachusetts 02790.

11. Defendant, F.C. CONSTRUCTION CORP., is an employer by definition of 29 USC 1002 (5)

12. At all times relevant hereto F.C. CONSTRUCTION CORP., has been a party and signatory to a collective bargaining agreement with Plaintiff Union.

13. Said agreement provides by its terms that F.C. CONSTRUCTION CORP., in its capacity as employer, shall make contributions for each employee covered thereby to the Rhode Island Laborers' Health and Welfare Fund and to the Rhode Island Laborers' Pension Fund, in the amounts designated for each hour worked for each such covered employee. Said payments to be made no later than the twentieth (20th) day of each and every month for all hours worked by said employees.

14. Said agreement provides by its terms that F.C. CONSTRUCTION CORP., in its capacity as employer, upon being determined to be delinquent by the Plaintiff Board of Trustees, is solely responsible for the payment of all attorney's fees, sheriffs' costs, accounting and court costs involved in the collection of its delinquent obligations.

15. The Board of Trustees has determined that Defendant is delinquent in its payment of contributions to the aforementioned fund, in that union members have performed work for F.C. CONSTRUCTION CORP., but no payments have been remitted on their behalf. Specifically, an audit was performed of the defendant's books and records, which determined a delinquency of $223,383.63 plus interest.

18. This action is brought pursuant to ERISA 29 USC 1001, et seq., specifically 29 USC 1132 and 29 USC 1145 to recover on account of delinquent contributions due and owing to the Rhode Island Laborers' Health and Welfare Fund and to the Rhode Island Laborers' Pension by Defendant.

19. The Rhode Island Laborers' Health and Welfare Fund and the Rhode Island Laborers' Pension Fund are qualified plans pursuant to the relevant provisions of the Internal Revenue Code.

20. Notwithstanding prior notice and written demand for payment Defendant has failed and refused to make required contributions to the Rhode Island Laborers' Health and Welfare Fund and to the Rhode Island Laborers' Pension Fund, as agreed upon in their payment plan.

21. A copy of the within complaint has been forwarded by certified mail to the Secretary of Labor and the Secretary of the Treasury in Washington, D.C.

WHEREFORE, the Plaintiffs pray for the following relief.

1. An award that the Defendant cease and desist from failing to make legally required contributions to the plans;

2. That the Defendant be ordered to pay the sums due and owing and provide an accounting thereof.

3. That the Defendant be ordered to pay liquidated damages to the plans in the amount determined by the Court to be due and owing under Paragraph 2 above;

4. That the Defendant be ordered to pay reasonable attorney's fees, sheriffs' costs, accounting and court costs of the action pursuant to its collective bargaining agreement with Plaintiff Union.

5. That this Court award such further legal and/or equitable relief as it may deem appropriate including but not limited to pre-judgment interest.

## COUNT II

Plaintiff incorporates by reference paragraphs one through nineteen of Count I of this Complaint.

1. The collective bargaining agreement entered into by Plaintiff Union and Defendant requires that Defendant, in its capacity as employer, shall undergo periodic audits.

2. In September, 2015, Plaintiff Union demanded an audit of Defendant to no avail.

3. On October 5, 2015, Counsel for Plaintiff made a further demand for the audit of Defendant company.

4. To date, Defendant has failed to cooperate with Plaintiff in its effort to conduct said audit, in that it has refused to grant access to all the books and records necessary to conduct such an audit.

WHEREFORE, Plaintiff prays for the following relief:

1. An award that the Defendant cease and desist from failing to make legally required contributions to the aforementioned Funds and Programs;

2. That the Defendant cease and desist from retaining authorized payroll deductions from union dues and voluntary political contributions;

3. That the Defendant be ordered to allow Plaintiff access to its payroll records for the purpose of an audit.

4. That the Defendant be ordered to pay reasonable attorney's fees, sheriffs' costs, accounting and court costs of the above action pursuant to its collective bargaining agreement with Plaintiff Union; and

5. That this Court award such further legal or equitable relief as it may deem appropriate including but not limited to pre-judgment interest.

<div style="margin-left: 40%;">

PLAINTIFF,
By its attorneys,
*COIA & LEPORE, LTD.*


*/s/     Peter J. Comerford*
Peter J. Comerford, Esquire (#3588)
226 South Main Street
Providence, Rhode Island 02903
(401) 751-5522
pcomerfo@coialepore.com

</div>

Dated:  April 26, 2016